On 14 April, 1917, in a justice's court, the plaintiff recovered against the defendants three judgments, which were docketed in the Superior Court on 16 April, 1917.
The judgments became dormant, and upon affidavit filed by the plaintiff the clerk issued to the defendants a notice to show cause why execution should not issue. Certain of the defendants filed an answer, and alleged:
1. That the plaintiff had purchased from the defendant Murphy a tract of land on which the judgments were a lien, and caused the deed to be made to the plaintiff's brother, E. M. Johnson.
2. That the plaintiff joined in the execution of the deed for the purpose of releasing the land from the lien of the judgments.
3. That Murphy paid the plaintiff only $450 for the land, and received a receipt from the plaintiff for $50 in full payment and satisfaction of all demands.
The defendants contend that they are released from the lien of the judgments, and that execution should not be issued.
The case was transferred to the Superior Court, and the following findings of fact were made:
1. After the judgments had been docketed, the defendant J. F. Murphy sold to E. M. Johnson a tract of land worth $500, and in order to clear the land of the judgment liens the plaintiff joined in the deed with Murphy, and caused a recital to be placed in said deed that he joined therein for the sole purpose of releasing the land from the lien of his judgment. The defendant Murphy paid plaintiff the sum of $50 out of the proceeds of said sale, and this amount was credited on the first judgment. The other defendants knew nothing of this transaction. *Page 385 
2. Nothing else has been paid on said judgments, and this motion was made to revive the same. All of the defendants answer and ask that the equities between the parties be declared and judgment entered.
His Honor thereupon rendered judgment as follows:
Ordered and adjudged that execution issue upon said judgments, and the same are hereby revived and declared to be in full force, subject to the credit of $50 which has been credited thereon.
It is further ordered and adjudged that upon payment by each of the other defendants of the sum of $50 on said judgments, then each of them shall be entitled to have $500 worth of property released from the lien of said judgments, over and above his homestead and personal property exemptions; and with the foregoing modifications said judgments are declared to be in full force and effect.
The facts set out in the judgment are not sufficient to enable us satisfactorily to adjust the rights of the parties. It does not appear whether all the defendants are principals or whether the release of Murphy's land from the lien of judgment will necessarily result in loss to any of the other defendants or in any way adversely affect the extent of their liability. Nor is there any finding as to whether the plaintiff accepted $50 in full payment of all demands against Murphy, as alleged in the affidavit filed before the clerk.
The judgment is reversed and the cause remanded to the end that a full and complete statement of all relevants be found and judgment rendered thereon.
Reversed and remanded.